UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Lori Liles, Robert Mettler and Rebecca Reynolds, individually, and Christina Burgess, individually and on behalf of all other similarly situated,<br><br>                    Plaintiffs,<br>v.<br><br>American Corrective Counseling Services, Inc., and Donald R. Mealing,<br><br>                    Defendants. | Case No. 4-00-CV-10497<br><br>**Order and Final Judgment** |

    On the 26th day of January, 2007, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Preliminary and Conditional Settlement Agreement dated September 22, 2006 (the "Settlement Agreement") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against defendants American Corrective Counseling Services, Inc. ("ACCS") and Donald R. Mealing ("Mealing") in the Complaint now pending in this Court in the above-captioned action ("the Action"), including the release of ACCS, Mealing and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Settled Claims with prejudice as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the proposed Plan of Distribution as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses and any Class Representative Awards.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that notice of the hearing substantially in the form approved by the Court was mailed to all members of the Class at the respective addresses set forth in the records of defendant ACCS; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Settlement Agreement;

**IT IS ORDERED, ADJUDGED AND DECREED THIS 26TH DAY OF JANUARY, 2007, AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of the Action, plaintiffs Lori Liles, Robert Mettler and Rebecca Reynolds, and Christina Burgess (together, "Plaintiffs"), all Class Members, and ACCS and Mealing.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby confirms certification of this action as a class action on behalf of the following class:

> All persons who, on or after September 1, 1999, and prior to July 1, 2001, first received an "Official Notice" in a form substantially similar to that received by the named plaintiffs or were otherwise contacted in writing or by telephone by any person affiliated with a bad check misdemeanor restitution/diversion program identified below and operated in affiliation or under contract with defendant ACCS, but *excluding* persons fitting the following descriptions:
>
> a. Excluded from the FDCPA class are all persons whose address was unknown to ACCS (as reflected in ACCS electronic records) at the time ACCS discontinued communication with said persons;
>
> b. Excluded from this class are all persons who made no payments to ACCS;
>
> c. Excluded from this class are all persons contacted by ACCS on behalf of any prosecuting authority in the states of California, Florida, Indiana, Nevada, and Minnesota.
>
> The bad check diversion/restitution programs to which this Class Action Complaint applies are as follows:

**Colorado:**
- First Judicial District Attorney, Golden
- Second Judicial District Attorney, Denver
- Eighth Judicial District Attorney, Fort Collins
- Tenth Judicial District Attorney, Pueblo
- Seventeenth Judicial District Attorney, Brighton
- Eighteenth Judicial District Attorney, Englewood
- Twentieth Judicial District Attorney, Boulder
- Twenty First Judicial District Attorney, Grand Junction

**Georgia**
- Stone Mountain Judicial Circuit District Attorney, Decatur

**Hawaii**
- Honolulu Prosecuting Attorney, Honolulu

**Illinois**
- Champagne County State's Attorney, Urbana
- Dekalb County State's Attorney, Sycamore
- Douglas County State's Attorney, Tuscola
- DuPage County State's Attorney, Wheaton
- Effingham County State's Attorney, Effingham
- Fayette County State's Attorney, Vandalia
- Franklin County State's Attorney, Benton
- Jasper County State's Attorney, Newton
- Jefferson County State's Attorney, Mt. Vernon
- Kane County State's Attorney, St. Charles
- Knox County State's Attorney, Gaylesburg
- Madison County State's Attorney, Edwardsville
- McHenry County State's Attorney, Woodstock
- Richland County State's Attorney, Onley
- Sangamon County State's Attorney, Springfield
- St. Claire County State's Attorney, Belleville
- Vermillion County State's Attorney, Danville

**Iowa**
- Dubuque County Attorney, Dubuque
- Jefferson County Attorney, Fairfield
- Polk County Attorney, Des Moines

**Maryland**
- Anne Arundel County State's Attorney, Annapolis
- Baltimore County State's Attorney, Towson
- City of Baltimore State's Attorney, Baltimore
- Frederick County State's Attorney, Frederick
- Harford County State's Attorney, Bel Air
- Howard County State's Attorney, Ellicott City
- Prince George's County State's Attorney, Upper Marlboro

**Massachusetts**
- Bristol County District Attorney, New Bedford
- Hampden County District Attorney, Springfield
- Plymouth County District Attorney, Brockton

**Michigan**
- Bay County Prosecuting Attorney, Bay City
- Branch County Prosecuting Attorney, Coldwater
- Genesee County Prosecuting Attorney, Flint
- Huron County Prosecuting Attorney, Bad Axe
- Livingston County Prosecuting Attorney, Howell
- Macomb County Prosecuting Attorney, Mount Clemens
- Oakland County Prosecuting Attorney, Pontiac
- Saginaw County Prosecuting Attorney, Saginaw
- St. Clair County Prosecuting Attorney, Port Huron
- Wayne County Prosecuting Attorney, Detroit
- Washtenau County Prosecuting Attorney, Ann Arbor

**New Mexico**
- First Judicial District, District Attorney, Santa Fe
- Ninth Judicial District, District Attorney, Clovis
- Tenth Judicial District, District Attorney, Tucumcari
- Twelfth Judicial District, District Attorney, Alamorgordo

**Pennsylvania**
- Lawrence County District Attorney, New Castle
- Lebanon County District Attorney, Lebanon
- Montgomery County District Attorney, Norristown
- Somerset County District Attorney, Somerset

3. In full compliance with Federal Rule of Civil Procedure 23 and the requirements of due process, on December 14, 2006, the parties mailed notices of the proposed settlement (the "Settlement Notice") by first-class mail to the Class Members as shown on the records

maintained by ACCS.  Returned notices were investigated and approximately 4,877 were remailed on January 4 and January 9, 2007.  No further mailings are contemplated.  At the request of the parties, the deadline for submission of claims is extended to February 16, 2007 regardless of initial mailing date.  The parties are authorized (subject to mutual agreement) to treat correspondence in lieu of claim forms as though such correspondence was in fact a claim form.

      4.      Due and adequate notice of the proceedings, of the pendency of this Action as a class action, and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the proceedings, of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

      5.      Due and adequate notice of the proceedings having been provided to the members of the Class, and a full opportunity having been offered to them to participate in this Hearing, it is hereby determined that they are bound by the Order and Final Judgment entered herein.

      6.      The Settlement Agreement and the terms of the Settlement as described in the Settlement Agreement and the Settlement Notice are hereby approved and confirmed as being fair, reasonable, and adequate; the parties to the Settlement Agreement are directed hereby to consummate the Settlement in accordance with the terms and conditions set forth in the Settlement Agreement; and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in the Action.

7. The plan for allocating the Settlement proceeds, as set forth in the Settlement Notice, is approved as fair and reasonable, and Plaintiffs' Counsel and Defendant's Counsel are directed to administer the Settlement in accordance with its terms and provisions.

8. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

9. Plaintiffs and members of the Class, on behalf of themselves and their respective officers, directors, owners, shareholders, principals, affiliates, subsidiaries, parent corporations, members, partners, employees, agents, attorneys and all persons acting for them, past or present, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims in law or in equity and any and all claims, demands, actions, causes of action, obligations, damages, liabilities, loss, costs or expenses including attorneys' fees of any kind or nature whatsoever, past or present, ascertained or unascertained, whether or not known, suspected or claimed through and including the Effective Date including, without limitation, those arising out of or in any way related to the Action, that have been or could have been asserted in this Action by the Class Members or any of them against any of the Released Parties relating to the alleged failure of ACCS, Mealing, or the Released Parties during the Class Period to comply with federal and/or state Fair Debt Collection Practices statutes.  As used herein, the term "Released Parties" shall mean ACCS, Mealing, and all of their trustees, affiliates, related companies, parents, subsidiaries, partners, officers, directors, employees, shareholders, agents, successors, predecessors, attorneys, insurers and assigns and any other person, company or entity asserting an interest by or through them.  The term "Released Parties" shall also include every state, county or district attorney serving any district or political subdivision named in the settlement Class Description in paragraph 2 hereof, which contracted with ACCS for a bad check

misdemeanor diversion program, and all of their trustees, affiliates, related companies, parents, subsidiaries, partners, officers, directors, employees, shareholders, agents, successors, predecessors, attorneys, insurers and assigns and any other person, company or entity asserting an interest by or through them.  The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings in this Action and this Order and Final Judgment

10. A total of seven opt outs were filed in this case on or before the date specified in the notice.  The identities of those opt outs are listed on the Affidavit of Wood R. Foster, Jr. filed in this matter at Docket No. 324.  Each person who filed an opt out is excluded from this settlement, and any and all claims of such persons are neither released nor affected by the terms of this settlement.

11. Neither this Order and Final Judgment, the Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

   a. Offered or received against ACCS, Mealing or the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by either ACCS, Mealing or the Released Parties with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of ACCS, Mealing or the Released Parties;

   b. Offered or received against ACCS, Mealing or the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by ACCS, Mealing or the Released Parties;

   c. Offered or received against ACCS, Mealing or the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against ACCS, Mealing or the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be

7

    necessary to effectuate the provisions of the Settlement; provided, however, that ACCS, Mealing or the Released Parties may refer to it to effectuate the liability protection granted it hereunder;

    d.    Construed against ACCS, Mealing or the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

    e.    Construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by ACCS, Mealing or the Released Parties have any merit, or that damages recoverable under the Complaint would not have exceeded the Class Settlement Amount.

12. Plaintiffs Liles, Mettler and Reynolds are individually awarded $1,000 each from the settlement as per the terms of the Settlement Agreement.

13. Plaintiff Christina Burgess is awarded a Class Representative Award of $2,500.

14. The attorneys for the Plaintiffs are awarded attorneys' fees in the amount of $99,000.00, which sum the Court finds to be fair and reasonable, to be paid in accordance with the terms of the Settlement Agreement

15. The attorneys for the Plaintiffs are awarded $21,322 for their costs and expenses, which sum the Court finds to be fair and reasonable, to be paid in accordance with the terms of the Settlement Agreement.

16. In making these awards of Class Representative Awards and attorneys' fees and expenses, the Court has considered and found that:

    a.    The settlement has created a fund for the approximately 26,000 members of the Class of $297,000, and that numerous Class Members will benefit from the Settlement created by Plaintiffs' Counsel;

    b.    Over 30,000 copies of the Settlement Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees and expenses equal to one-third (1/3) of the Settlement Amount, costs, and any Class Representative Awards that are approved by the Court.  No objections were filed against the terms of the proposed Settlement or the fees and expenses to be requested by Plaintiffs' Counsel contained in the Settlement Notice;

    c.    Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

    d.    The action involves complex factual and legal issues and was actively prosecuted over five years and, in the absence of a settlement, would involve further proceedings, including possible appeals, with uncertain resolution of the complex factual and legal issues;

    e.    Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the Class may have recovered less or nothing from ACCS and/or Mealing;

    f.    Plaintiffs' Counsel have devoted over 1,100 hours, with a lodestar value of over $320,000, to achieve the Settlement; and

    g.    The percentage of attorneys' fees awarded and expenses reimbursed are consistent with awards in similar cases.

17. The effectiveness of the provisions of this Order and Final Judgment and the obligations of the Plaintiffs, ACCS and Mealing under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' Counsel's application for an award of attorneys' fees and expenses and/or Class Representative Awards.

18. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

19. Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Settlement and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Settlement, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

Dated:  Des Moines, Iowa, _____, 2007.

_____
The Honorable Ronald Longstaff
Judge, United States District Court for
   the District of Iowa